UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CONNIE NELSON,**

    **Plaintiff,**

    v.

**THE SCOTTS COMPANY,**

    **Defendant.**

Case No. C2-05-159
**JUDGE GREGORY L. FROST**
**Magistrate Judge Terrence P. Kemp**

## OPINION AND ORDER

This matter is before the Court for consideration of a motion to dismiss filed by Defendant The Scotts Company ("Defendant") on May 5, 2005. (Doc. # 10). Defendant moves for dismissal of Counts Two, Four, and Five under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff Connie Nelson ("Plaintiff") responded with a memorandum in opposition (Doc. # 13), and Defendant filed a reply. (Doc # 15). For the reasons that follow, the Court **GRANTS** the motion as to Count Four, but **DENIES** the motion as to Counts Two and Five. (Doc. # 10).

### I. Background

Plaintiff is a female who was employed by Defendant from March 2000 until her termination in July 2004. Plaintiff was a temporary employee at first, but obtained the position of Reports Specialist in February 2001 after the position of Production Analyst was vacated. As the Reports Specialist, she claims that she actually performed the work of the Production Analyst, but was paid $30,000 less annually. She also claims that she was held to a higher

standard and was treated differently than males in the same position.

Plaintiff claims that she made numerous complaints to the Human Resources Department about the discrimination and unequal pay, but that Defendant failed to remedy the problem. When Plaintiff was terminated in July 2004, she filed a complaint of discrimination with the EEOC and received a right to sue letter. She then filed a claim in state court. Defendant removed the action to this Court, and Plaintiff filed an Amended Complaint alleging a violation of the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"), gender discrimination in violation of Ohio Revised Code § 4112.02 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), retaliation in violation of O.R.C. § 4112.02 and Title VII, and a violation of Ohio public policy. Defendant removed the case to this Court.

Defendant now moves to dismiss Count Two, alleging gender discrimination under O.R.C. § 4112.02, Count Four, alleging retaliation under Ohio public policy, and Count Five, alleging gender discrimination under Title VII.

## II. Standard of Review

In considering a Rule 12(b)(6) motion to dismiss, a court must treat all factual allegations of the complaint, or the counterclaim, as true, and ambiguous allegations must be construed in the non-movant's favor. *Murphy v. Sofamor Danek Group, Inc.* (*In re Sofamor Danek Group, Inc.*), 123 F.3d 394, 400 (6th Cir. 1997); *May v. Nat'l Bank of Commerce*, No. 03-2112 MI/A, 2004 U.S. Dist. LEXIS 10297, at *4 (W.D. Tenn. Feb. 27, 2004). A complaint or counterclaim should not be dismissed under Rule 12(b)(6) "'unless it appears beyond doubt that the plaintiff [or counter claimant] can prove no set of facts in support of his claim which would entitle him to relief.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) (quoting *Conley*

*v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Ruble v. Madison Capital, Inc.*, No. 1:96 CV 1693, 1997 U.S. Dist. LEXIS 22301, at *2-3 (N.D. Ohio May 2, 1997). Though liberal, this standard of review requires more than the bare assertion of legal conclusions. *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). A complaint or counterclaim must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. *Id.* (citations omitted); *Ruble*, 1997 U.S. Dist. LEXIS 22301, at *3.

### III. Analysis of Count Four

In Count Four of the Complaint, Plaintiff alleges that Defendant violated Ohio's public policy against gender discrimination by terminating her employment in retaliation for her complaints of discrimination and unequal pay. Plaintiff appears to be basing her public policy claim on a violation of Ohio Revised Code § 4112.02(A), which provides that "[i]t shall be an unlawful discriminatory practice, for any employer, because of the . . . sex . . . of any person, to discharge without just cause, . . . or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

The Ohio Supreme Court held that in order to prevail on a claim for wrongful discharge in violation of public policy, a plaintiff must prove:

> (1) [t]hat clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element); (2) [t]hat dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the *jeopardy* element); (3) [t]he plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element); and (4) [t]he employer lacked

>overriding legitimate business justification for the dismissal (the *overriding justification* element).

*Wiles v. Medina Auto Parts*, 773 N.E. 2d 526, 529-30 (Ohio 2002) (emphasis in original).

The dispute here focuses on the jeopardy element of a public policy claim. Specifically, Defendant argues that Plaintiff cannot base a claim of wrongful discharge on O.R.C. § 4112.02 because that statute satisfies the jeopardy element by including broad remedial provisions. The Ohio Supreme Court has held that when a wrongful discharge claim is based on a statute, the jeopardy element must be evaluated by examining the remedies available under the statute. *Collins v. Rizkana*, 652 N.E.2d 653, 660 (Ohio 1995). The Ohio Supreme Court further held that when a statutory remedy exists that adequately protects public policy, there is no need to recognize a common law action for wrongful discharge. *Wiles*, 773 N.E.2d at 531. In *Wiles*, the Ohio Supreme Court found that because the FMLA contained a "comprehensive remedial scheme designed to compensate an employee" for violations of the Act, an employee could not base a wrongful discharge claim on the Act. *Id.* The FMLA provides for the recovery of compensatory damages for lost wages and benefits, equitable relief in the form of reinstatement, front pay, and attorney's fees. *Id.* at 532. Similarly, O.R.C. § 4112.99 provides for "damages, injunctive relief, or any other appropriate relief" for violations of Chapter 4112, the Ohio Civil Rights Act.

Ohio Courts of Appeal have held that Ohio's public policy against discrimination will not be jeopardized if a common law claim of wrongful discharge based on O.R.C. § 4112.02 is not permitted. *See, e.g., Barlowe v. AAAA Int'l Driving,* No. 19794, 2003 Ohio 5748, at ¶ 39 (Ohio

4

Ct. App. 2d Dist. Oct. 24, 2003), *Berge v. Columbus Community Cable Access*, 736 N.E.2d 517, 535 (Ohio Ct. App. 10th Dist. 1999), *Lewis v. Fairview Hosp.*, 806 N.E.2d 185, 188-89 (Ohio Ct. App. 8th Dist. 2004). The Ohio Courts of Appeal do not recognize a tort claim for wrongful discharge in violation of public policy because O.R.C. § 4112.99 provides broad statutory remedies. *Barlowe*, 2003 Ohio 5748 at ¶ 39.

The Sixth Circuit has also affirmed the dismissal of claims of retaliatory discharge in violation of public policy because both Title VII and Ohio Revised Code § 4112 provide adequate remedies to protect society's interests. *Carrasco v. NOAMTC, Inc.*, 124 Fed. Appx. 297, 304 (6th Cir. 2004). In a similar case bringing an Ohio public policy claim for wrongful discharge based on a violation of O.R.C. § 4112.02, this Court granted judgment on the pleadings because O.R.C. § 4112.99 provides sufficient remedies for any breach of that chapter. *Denius v. Ecolab, Inc.*, No. 04-408 (S.D. Ohio May 5, 2005) (order granting judgment on the pleadings).

As redress for violations of the Ohio Civil Rights Act, Ohio Revised Code § 4112.99 provides broad remedies including "damages, injunctive relief, or any other appropriate relief." Ohio Rev. Code § 4112.99. Plaintiff is also entitled to assert claims for relief under Title VII of the Civil Rights Act of 1964. Title VII provides for a broad range of remedies, including "injunctions, reinstatement, backpay [sic], lost benefits, . . . attorney's fees, . . . and compensatory and punitive damages." *Pollard v. E. I. du Pont de Nemours & Co.*, 532 U.S. 843, 847-48 (2001). Under these two statutes, Plaintiff may recover all of the damages she is seeking in the present case.

The *Wiles* decision by the Ohio Supreme Court, the decisions of Ohio Courts of Appeal,

5

and the Sixth Circuit decisions indicate that the remedies provided by both Title VII and Ohio Revised Code § 4112.99 would adequately compensate any victim of employment discrimination. *Wiles*, 773 N.E.2d at 531; *Barlowe*, 2003 Ohio 5748 at ¶ 39; *Berge*, 736 N.E.2d at 535; *Lewis*, 806 N.E.2d at 188-89; *Carrasco*, 124 Fed. Appx. at 304; *Denius*, No. 04-408 at 9. Therefore, these statutes adequately protect Ohio's public policy against employment discrimination. The jeopardy element of Plaintiff's wrongful discharge claim cannot be satisfied because an adequate remedy exists in both the state statute and in Title VII. Plaintiff has alleged a claim upon which relief cannot be granted; therefore, Count Four of the Complaint, the claim of wrongful discharge in violation of public policy, is dismissed.

### IV. Analysis of Counts Two and Five

Defendant also moves to dismiss Counts Two and Five under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In Count Two, Plaintiff alleges gender discrimination under Ohio Revised Code § 4112.02; in Count Five, Plaintiff alleges gender discrimination under Title VII of the Civil Rights Act of 1964.

Fed. R. Civ. P. 8(a) requires a Complaint to have "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is intended to put Defendant on fair notice of the basis for the claims. *Swierkiewicz v. Sorema*, 534 U.S. 506, 514-15 (2002).

In order to recover on a claim of gender discrimination under both Title VII and Ohio Revised Code § 4112.02, Plaintiff must establish that: (1) she is a member of a protected group; (2) she was subject to an adverse employment decision; (3) she was qualified for the position; and (4) she was replaced by a person outside of the protected class. *Clayton v. Meijer*, 281 F.3d

6

605, 610 (6th Cir. 2002). As an alternative to satisfying the fourth element of the *prima facie* case, a plaintiff may show that "similarly situated non-protected employees were treated more favorably than plaintiff." *Id.*, *see also Knox v. Neaton Auto Prods. Mfg.*, 375 F.3d 451, 457 (6th Cir. 2004) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Plaintiff satisfies her burden of pleading with respect to the first three elements of a *prima facie* case of gender discrimination. Plaintiff is female, which establishes her position as a member of a protected class. She alleges that she was paid a lesser salary than a male, and was denied a promotion, thus establishing a basis for the adverse employment decision element. Finally, she states that she held the position for over three years, forming a basis for her to later prove that she was qualified for the position.

The fourth element of the *prima facie* case is at issue here. Plaintiff may establish this element in two ways. First, she may prove that she was replaced by someone outside of her protected class. *Knox*, 375 F.3d at 457. Alternatively, she may prove that a similarly-situated employee who was not a member of the protected class was treated more favorably than her. *Id.*

In its motion to dismiss, Defendant argues that the fourth element of the *prima facie* case requires Plaintiff to prove that "she was replaced by, or that the removal permitted the retention of, a person not belonging to the protected class." (Doc. # 10 at 4 (citations omitted)). Because she states in her Amended Complaint that she was never replaced, Defendant argues, no set of facts exist that would now allow her to recover.

In response, Plaintiff argues, and Defendant conceded in its reply, that it is unnecessary to prove the original *prima facie* case under *McDonnell Douglas* when disparate treatment can be proven, thus satisfying the fourth element. The Court concurs because of the Sixth Circuit's

decision in *Knox*. In that case, the Sixth Circuit held that a plaintiff may prove the fourth element of the *prima facie* case by showing that a similarly-situated employee who was not a member of the protected class was treated more favorably than her. *Knox*, 375 F.3d at 457.

Defendant then argues that Plaintiff's claim of gender discrimination under both Title VII and Ohio Revised Code § 4112.02 is based solely on her discharge from employment. Defendant bases this argument on the lack of specific allegations listed under Counts Two and Five in the Complaint. This point is not well taken because the Amended Complaint incorporates allegations of differences in pay and denial of promotion into each claim of gender discrimination. (Complaint at ¶¶ 6, 16, 23). Hence, Plaintiff bases her claim for gender discrimination not only on her termination but also on disparate treatment as compared to a person in a non-protected class.

Because Plaintiff has alleged facts that could support each element of a *prima facie* case of gender discrimination, she has met her burden of pleading as required by Fed. R. Civ. P. 8(a). The facts alleged could support a claim upon which relief can be granted. Defendant's motion to dismiss Counts Two and Five under Rule 12(b)(6) is therefore denied.

## CONCLUSION

The Court **GRANTS** Defendant's motion to dismiss Count Four of Plaintiff's Amended Complaint, but **DENIES** Defendant's motion to dismiss Counts Two and Five of Plaintiff's Amended Complaint. (Doc. # 10).

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　/s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**