UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CONNIE NELSON, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:05-CV-0159 |
| | : | |
| v. | : | Judge Frost |
| | : | |
| THE SCOTTS COMPANY, | : | Magistrate Judge Kemp |
| | : | |
| Defendant. | : | |

**STIPULATION AND PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DOCUMENTS**

The parties to this action, Plaintiff Connie Nelson ("Plaintiff") and Defendant The Scotts Company ("Defendant"), hereby stipulate as follows:

WHEREAS, the parties to this action recognize that certain documents will be produced that may contain confidential information; and

WHEREAS, the parties desire to minimize the necessity for objections and motions and to avoid interruption or delay in the flow of information relevant to this litigation by piecemeal motions for protective orders or other unnecessary discovery motions;

THEREFORE, IT IS HEREBY STIPULATED that:

1. <u>Confidential Material</u>:  Plaintiffs, Defendants, and/or any experts or consultants retained by Plaintiffs or Defendants are required to maintain the confidentiality of the following documents obtained through discovery in this litigation or obtained and marked as exhibits in depositions in this case:  (a) documents from personnel or other employment files of current and former employees of The Scotts Company; (b) documents containing information relating to Defendant's material supply, raw product, labor or other costs associated with the

products it manufactures; (c) any document that a party in good faith believes to contain other confidential or proprietary business information, or any document designated by the party as "Confidential." This Order shall not apply to documents from Plaintiff's personnel or other employment files unless they contain confidential business information or fall into one of the above-described categories.

2. <u>Disputes Regarding Confidential Documents</u>: Any party objecting to the designation of any document as Confidential shall make a good faith effort to resolve the dispute without intervention of the Court. If the parties are unable to resolve the dispute, the objecting party may move for an order regarding the designation of the documents at issue. The parties agree that any hearing before the Magistrate Judge may be conducted by telephone. If any such dispute is submitted to the Court, the documents at issue shall be submitted to the Court under seal and will retain their Confidential designation until a ruling by the Court, and thereafter shall be classified in accordance with such ruling.

3. <u>Limitation on Disclosure</u>: All documents designated as Confidential and the information contained therein shall be used solely for the purpose of conducting this litigation. Confidential documents may be disclosed only to the following persons:

a. Attorneys of record for any party to this action, and all legal support personnel and clerical employees working under the direct supervision of such counsel;

b. The parties to this action;

c. The Court and its personnel;

d. Employees or former employees of The Scotts Company, if required to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

    e. Witnesses, independent consultants, or experts retained by any of the parties to this action to assist in the preparation and trial of this litigation, who any of the parties, in good faith, determines need to view such documents for the purposes of this litigation;

    f. Any mediator designated or retained in this action;

    g. Any court reporter employed in connection with a deposition in this litigation; and

    h. Any person approved in writing, in advance of disclosure, by the producing party.

  4. All persons reviewing or receiving copies of Confidential documents are enjoined from disclosing the contents thereof to any other person other than for the prosecution or defense of this action, except in conformity with this Protective Order, and hereby agree to subject themselves to the jurisdiction of the Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Protective Order.  Before either party to this action disseminates any Confidential Information, that party shall provide the person to whom such disclosure is made with a copy of this Stipulation and Protective Order and shall obtain the agreement in writing in the form of Exhibit A attached hereto of such person to be bound by the terms and conditions herein.  Notwithstanding the foregoing, none of the individuals described in Paragraphs 3(a) – (d) shall be required to execute an agreement in the form of Exhibit A prior to receiving any Confidential Information.  Counsel for the parties and the parties shall be bound by the terms of this Protective Order by their signature or the signature of their respective counsel herein.

  5. The recipient of any Confidential document shall maintain such information in a secure and safe area.

6. Should a receiving party seek to utilize any Confidential Information as an exhibit to a deposition or in any pretrial matter, such document or any testimony relating thereto shall be submitted and kept under seal.

7. A procedure for use of Confidential Information as exhibits at trial shall be discussed at the final pre-trial conference of this case and will be subject to the ruling of the Court.

8. Within thirty (30) days after receipt of written notice of the final disposition of this lawsuit, whether by judgment and exhaustion of all appeals, or by settlement, the receiving parties and all other persons who have received documents containing Confidential Information shall destroy or return all such documents, and all copies thereof, to the producing party. Notwithstanding the foregoing, each party may retain motion papers, briefs, notes, memoranda or other documents which contain Confidential Information. This Protective Order shall continue to apply to all such documents retained by any party in accordance with the preceding sentence.

9. Nothing in this Protective Order shall preclude any party to this action or any other person from disclosing or using in any manner or for any purpose, any information or document obtained by means other than discovery in this action (if such information is lawfully obtained from a third party having the right to disclose such information) even though the same information may be contained in a Confidential document.

10. This Protective Order shall not affect any party's right to object to the use in this litigation of Confidential Information on any ground. The fact that information or documentation has been designated Confidential shall in no way prejudice the right of any party to contest the confidential or proprietary nature of any document or information, at time of trial or otherwise.

11. This Protective Order shall not prejudice or affect any party's right to object to the authenticity or admissibility of any evidence at time of trial.

12. Any waiver under this Stipulation and Protective Order must be made in writing or, if at a deposition, on the record. Any waiver unless expressly made general, shall be deemed limited to the specified purposes of the request or proceeding involved, and shall not otherwise waive any of the protection provided by this Stipulation and Protective Order.

13. The terms and provisions of this Stipulation and Protective Order are subject to modification, extension or limitation as may be hereafter agreed to by the parties in writing or by order of the Court.

AGREED:

| | |
|---|---|
| /s/ Nicholas D. Kennedy by /s/ Nelson D. Cary with written authorization | /s/ Jonathan R. Vaughn by /s/ Nelson D. Cary Jonathan R. Vaughn (0022897), Trial Attorney |
| Nicholas D. Kennedy | Nelson D. Cary (0073559) |
| Kennedy Reeve & Knoll | Trisha M. Corbin (0073910) |
| 98 Hamilton Park | Vorys, Sater, Seymour and Pease LLP |
| Columbus, Ohio 43203 | 52 East Gay Street, P.O. Box 1008 |
| Telephone: (614) 228-2050 | Columbus, Ohio 43216-1008 |
| Fax: (614) 228-3320 | Telephone: (614) 464-6400 |
| | Fax: (614) 464-6350 |
| Attorneys for Plaintiff | |
| | Attorneys for Defendant The Scotts Company |

For good cause appearing, IT IS SO ORDERED.

Dated: October 12, 2005        /s/ Terence P. Kemp
                               United States Magistrate Judge

5

EXHIBIT A

ACKNOWLEDGEMENT AND CONSENT TO JURISDICTION

I, _____ acknowledge that I have been given a copy of and have read the Stipulation and Protective Order Re: Confidentiality of Documents in <u>Connie Nelson v. The Scotts Company</u>, United States District Court, Southern District of Ohio, Eastern Division, Case No. 2:05-CV-0159 and I agree to be bound by its terms. I acknowledge and agree that any document marked "Confidential," which is received by me in connection with this matter, and any copy, excerpt, summary or abstract of such document, shall not be disclosed to or discussed with anyone except as expressly provided in the Protective Order. I further acknowledge and agree that all Confidential documents shall be used only in the prosecution or defense, including any appeal, of this matter and shall be returned or destroyed at the conclusion of this case.

I consent to the jurisdiction of the United States District Court, Southern District of Ohio, Eastern Division for the purpose of enforcing this Protective Order.

I declare under penalty of perjury under the laws of the State of Ohio that the foregoing is true and correct.

Executed on _____, 2005 at _____.

_____

10/10/2005 - 9754312

Case: 2:05-cv-00159-GLF-TPK Doc #: 32 Filed: 10/13/05 Page: 7 of 7  PAGEID #: 251